# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DAVID L. STOCKMAN,**

    Defendant & Counter-Plaintiff,

**v.**

**NEOGENOMICS LABORATORIES, INC.,**

    Plaintiff & Counter-Defendant,

and

**MICHIGAN HEALTH CLINICS, P.C.,**

    Defendant.

**Case No. 4:26-cv-11482**

---

## NEOGENOMICS LABORATORIES' MOTION TO REMAND

---

NeoGenomics Laboratories ("NeoGenomics") respectfully requests that the Court remand this action back to the state court. In support of this motion, NeoGenomics submits the following facts and the accompanying brief in support.

1.    Defendant Stockman filed his removal more than one year after he was first named as a Defendant in the state court case, and therefore it is untimely.

2.     Defendant Stockman's notice of removal has procedural deficiencies, including a failure to include the state court pleadings and other filings with his notice of removal.

3.     This Court lacks jurisdiction over the dispute and Defendant Stockman's arguments to the contrary lack merit.

4.      In compliance with LR 7.1(a), NeoGenomics states that this motion is emergent in nature based on the relief sought which prevents ample time to confer with Stockman. *See* LR (7.1)(a)(2)(c). Despite that, NeoGenomics provided notice to Stockman of its intent to file this motion and brief in support on June 2, 2026 via email. NeoGenomics requested that Stockman notify NeoGenomics by 1:00 pm CT on June 3, 2026 if he opposed the requested relief. NeoGenomics has not received any response from Stockman in response to that request.

Respectfully submitted this 3rd day of June, 2026.

*/s/ Daniel J. Martin*
Daniel J. Martin
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL  35203
(205) 251-8100
dmartin@balch.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 3, 2026, I served Defendants with a copy of Plaintiff's foregoing Motion via email and Certified U.S. Mail as follows:

David Stockman
3925 Fortune Blvd
Suite 2
Saginaw, MI  48603
Dstockma4@icloud.com

Michigan Health Clinics, P.C.
Attn: David Stockman
3925 Fortune Blvd
Saginaw, MI 48603

> */s/ Daniel J. Martin*
> Daniel J. Martin (P67848)
> BALCH & BINGHAM LLP
> 1901 6th Avenue North, Suite 1500
> Birmingham, AL  35203
> (205) 251-8100
> dmartin@balch.com

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAVID L. STOCKMAN,**

      Defendant & Counter-Plaintiff,

**v.**

**NEOGENOMICS LABORATORIES, INC.,**

      Plaintiff & Counter-Defendant,

and

**MICHIGAN HEALTH CLINICS, P.C.,**

      Defendant.

**Case No. 4:26-cv-11482**

---

**NEOGENOMICS LABORATORIES'**
**BRIEF IN SUPPORT OF ITS MOTION TO REMAND**

---

NeoGenomics Laboratories, Inc. ("NeoGenomics") moves to remand this action to the 10th Judicial Circuit Business Court of Saginaw County, Michigan, ("the state court") because David L. Stockman's ("Stockman") Notice of Removal (ECF No. 1) is untimely, procedurally defective, and this Court lacks jurisdiction over the dispute.

## RELEVANT PROCEDURAL BACKGROUND

NeoGenomics filed an action against Michigan Health Clinics, PC styled *NeoGenomics Laboratories, Inc. v. Michigan Health Clinics, P.C.*, Case No. 23-002346-CB, in the State of Michigan 10th Judicial Circuit Business Court (the "state court") on October 30, 2023.

On September 25, 2024, NeoGenomics filed an Amended Complaint and added Stockman as a defendant.

On July 25, 2025, the state court granted Stockman's motion to dismiss the claims against him in NeoGenomics' Amended Complaint.

On August 5, 2025, Stockman initiated *pro se* Chapter 11 bankruptcy proceedings on behalf of Michigan Health Clinics in the Eastern District of Michigan styled *In re: Michigan Health Clinics, P.C.*, Case No. 25-21028-dob.

On August 12, 2025, NeoGenomics moved for leave to file an Amended Complaint to address the pleading deficiencies identified in the trial court's order of dismissal.

Also on August 12, 2025, the state court held a hearing and it was revealed that Stockman had filed the bankruptcy proceedings.

On August 14, 2025, the bankruptcy court dismissed the bankruptcy action and entered an order barring Stockman from making any filings without an attorney

2

for 180 days. *See In re: Michigan Health Clinics, P.C.*, Case No. 25-21028-dob (ECF No. 22, 22-1) attached hereto as **Exhibit A**.

On September 9, 2025, after the bankruptcy proceedings were dismissed, NeoGenomics filed another motion for leave to amend its Amended Complaint to correct the deficiencies noted in the July 25, 2025 order of dismissal.

On September 30, 2025, the state court held a hearing and granted NeoGenomics' motion for leave to amend its complaint with respect to the count of unjust enrichment against Stockman but not as to other counts against Stockman.

On October 27, 2025, the state court entered an order memorializing the findings at the September 30, 2025 hearing and ordered Stockman to respond to NeoGenomics' Second Amended Complaint within 21 days of the Order.

In response to the Second Amended Complaint, on October 31, 2025, Stockman filed a motion to dismiss the unjust enrichment count against him.

On November 17, 2025, the Court held a hearing and denied Stockman's motion to dismiss the count of unjust enrichment against him.

On December 12, 2025, Stockman filed his first notice of removal with this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. *See* 4:25-cv-14038-SDK-EAS.

On January 2, 2026, 18 days after filing the first removal with this Court, Stockman filed a notice of removal with the state court. In that filing, Stockman

3

certified he served a copy of his filing on NeoGenomics' counsel of record via first-class mail. No such service was made on NeoGenomics.

NeoGenomics only received notice of the Removal via the state court's judicial assistant on or about January 7, 2026, when she notified counsel of the January 2, 2026, filing in state court.

On April 8, 2026, this Court remanded the underlying action back to the state court for Stockman's failure to comply with a show cause order. *See* Case No. 4:25-cv-14038-SDK-EAS (ECF No. 11).

On April 21, 2026, NeoGenomics filed a Motion for Scheduling Order and to Set Trial Date in the state court. *See* **Exhibit B**. NeoGenomics' motion was set for hearing on May 4, 2026 at 3:00 pm.

On May 4, 2026, Stockman filed his second and current notice of removal (the "Removal") with this Court under the same alleged authority—28 U.S.C. §§ 1331, 1332, 1441, and 1446. (*See* ECF No. 1).

Stockman provided notice of his Removal to the state court on May 4, 2026 at or around 1:05 pm—less than 2 hours before his required attendance at the hearing on NeoGenomics' motion.

Stockman initially failed to pay the filing fees for the Removal but did so on or about May 28, 2026.

4

## ARGUMENT

### I.     Stockman's Notice of Removal is Untimely.

Stockman's removal of this case is untimely because under 28 U.S.C. § 1446(b)(1) Stockman had 30 days from the date he received a copy or service of the initial pleading naming him to file his notice of removal.

NeoGenomics originally filed this action on or about October 30, 2023, and added the claim of unjust enrichment against Stockman on September 25, 2024. Stockman did not file his first notice of removal until December 12, 2025 or the current Removal until May 4, 2026. Since the time of Stockman being named as a Defendant in the Amended Complaint filed September 25, 2024, which created the beginning of Stockman's period to file a notice of removal, 586 days have passed before he filed this Removal, making his notice of removal filing well outside the 30 day requirement.

Furthermore, removal of this action based on diversity jurisdiction is barred under 28 U.S.C. § 1446(c)(1) (stating that a case may not be removed "more than 1 year after commencement of the action" unless it is found that the plaintiff has acted in bad faith to prevent removal).

NeoGenomics added Stockman as a defendant, creating any alleged diversity jurisdiction, on September 25, 2024. Based on that date, Stockman had until September 25, 2025, to remove this action on the basis of diversity jurisdiction.

5

Because of Stockman's failure to remove within the one-year time period outlined in the section, and no facts suggesting bad faith by NeoGenomics, this case may not be removed.

**II.     Stockman failed to meet the procedural requirements of his Notice of Removal.**

Under 28 U.S.C. § 1446(a), a removing party is required to file "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the underlying state court action with its notice of removal.

As evidenced by the PACER docket sheet for this case, Stockman did not file a single pleading, order, motion, or process along with his notice of removal. Instead, Stockman filed a thirty-two page print out from odyssey court information that only shows what has been filed—not the actual pleadings as required under 28 U.S.C. § 1446(a). (*See* ECF No. 1-1).

Even more, like his first attempted removal, Stockman makes reference to attaching several pleadings to his Removal which are not attached or filed with this Court—"July 25, 2025 Opinion and Order of Dismissal; October 27, 2025 Order on Leave to Amend; Defendant and Counter-Plaintiff Stockman's Answer, Affirmative Defenses, and Counterclaim; Prior federal Notice of Removal, Order to Show Cause, and Order of Remand; and Certificate of Service." (ECF No. 1, ¶ 20).

This failure deprives the Court of the ability to analyze the validity and legitimacy of Stockman's notice of removal and the grounds upon which he bases

6

said notice. Because the notice of removal fails to comply with 28 U.S.C. § 1446(a), this matter is due to be remanded.

### III. Stockman's Notice of Removal fails to establish federal question jurisdiction under 28 U.S.C. § 1331.

Stockman has not carried his burden of demonstrating federal subject matter jurisdiction under the "rare" doctrine of complete preemption. *Miller v. Bruenger*, 949 F.3d 986, 994 (6th Cir. 2020). Stockman's removal papers demonstrate a fundamental misunderstanding of the difference between *complete* preemption, which is sufficient for removal jurisdiction, and ordinary, or defensive, preemption, which cannot confer federal subject matter jurisdiction.

While this action revolves around medical billing for services provided by NeoGenomics, it is not a case about medical records of patients which triggers protection from the Health Insurance Portability and Accountability Act ("HIPAA"). Without the involvement of patient medical records and HIPAA, Stockman asserts no facts or arguments that relate to a field Congress has completely occupied such that all state-law claims on the subject transform into federal claims. Thus, Stockman cannot establish federal question jurisdiction through this avenue.

Without the presence of complete preemption, there is nothing in Stockman's Notice of Removal that establishes federal question jurisdiction. Accordingly, this case cannot be heard in federal court without NeoGenomics' consent which has not been given.

Therefore, removal is improper and this motion to remand should be granted.

**IV.   This Removal is another example of Stockman's habit of filing motions to create delays.**

Stockman's first attempt to cause delays in the underlying state court action was his filing a *pro se* petition for chapter 11 bankruptcy on behalf of his company, Michigan Health Clinics, P.C. Based on prior repetitive and abusive filings in the bankruptcy court, the United States Trustee moved the bankruptcy court to prevent Stockman from making any additional filings without an attorney—the bankruptcy court granted the request and the filing bar ran its time on February 10, 2026. *See* **Exhibit A**.

Stockman then tried to remove the state court action to this Court more than one year after he was added as a party, raising bad-faith arguments for the presumed purpose of further delaying trial or final disposition of this 32-month-old case. *See* 4:25-cv-14038-SDK-EAS. This Court, and more specifically this same honorable judge, properly remanded the action back to state court based on Stockman's procedural deficiencies. *See* 4:25-cv-14038-SDK-EAS (ECF No. 11).

And now, with the same procedural deficiencies and, more importantly, the same substantive issues, Stockman filed another notice of removal mere hours prior to the hearing on setting the state court action for trial.

8

Based on these actions, undersigned appreciates the reasoning behind the United States Trustee requesting a bar on filings and the bankruptcy court entering said bar on filings without counsel.[1]

### CONCLUSION

NeoGenomics respectfully requests that the Court remand this action back to the State of Michigan 10th Judicial Circuit Business Court because Stockman's notice of removal was untimely, procedurally defective, and fails to establish that this Court has jurisdiction.

Respectfully submitted this 3rd day of June, 2026.

> */s/ Daniel J. Martin*
> Daniel J. Martin
> BALCH & BINGHAM LLP
> 1901 6th Avenue North, Suite 1500
> Birmingham, AL 35203
> (205) 251-8100
> dmartin@balch.com

---

[1] The United States Trustee's Motion to Dismiss the bankruptcy proceedings and outlining Stockman's abuses of the litigation process is attached as **Exhibit C**.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 3, 2026, I served Defendants with a copy of Plaintiff's foregoing via email and Certified U.S. Mail as follows:

David Stockman
3925 Fortune Blvd
Suite 2
Saginaw, MI  48603
Dstockma4@icloud.com

Michigan Health Clinics, P.C.
Attn: David Stockman
3925 Fortune Blvd
Saginaw, MI 48603

*/s/ Daniel J. Martin*
Daniel J. Martin (P67848)
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL  35203
(205) 251-8100
dmartin@balch.com

10