UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NEOGENOMICS LABORATORIES, INC.,<br>Plaintiff,<br><br>v.<br><br>DAVID L. STOCKMAN, et al.,<br>Defendants. | Case No. 26-11482<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF NO. 6)**

This matter is before the Court on plaintiff NeoGenomics Laboratories, Inc.'s ("NeoGenomics") motion to remand this matter to the state court. ECF No. 6. This is *pro se* defendant David L. Stockman's ("Stockman") second removal of the matter of *NeoGenomics Laboratories, Inc. v. David L. Stockman et al*, Case No. 23-002346-CB in the Saginaw County 10th Circuit Court. *See Neogenomics Laboratories, Inc. v. David L. Stockman,* Case No. 25-14038. This Court first remanded Case No. 25-14038 on April 8, 2026, after Stockman failed to address the substantive and procedural defects the Court raised in its Order to Show Cause. *See id.,* ECF No. 11.

Stockman's second bite at the apple is as equally deficient as his first. NeoGenomics argues remand is proper because removal is untimely, Stockman's notice contains procedural deficiencies, and the Court lacks jurisdiction over this case. ECF No. 6. Stockman did not file a response to plaintiff's motion but has filed multiple motions and notices seeking other relief. *See* ECF Nos. 7, 8, 9, 10, 11, 12. Because Stockman has failed to file a response to the motion to remand by the court-imposed deadline, NeoGenomics' motion will be deemed unopposed. *See* E.D. Mich. L.R. 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available"); *Humphrey v. United States Attorney General's Office*, 279 Fed. App'x. 328, 331 (6th Cir. 2008) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.") (internal quotation omitted); *Jirjis v. Wachovia*, 2011 U.S. Dist. LEXIS 2664, at *7–9 (E.D. Mich, Jan. 11, 2011) (dismissing complaint where plaintiff failed to respond to motion to dismiss). Accordingly, Neogenomics motion to remand will be granted based on defendant's failure to respond.

However, even if Stockman had filed a response, remand would still be appropriate. 28 U.S.C. § 1441(a) permits defendants in civil actions to remove cases originally filed in state courts to federal district courts where the district court would have had original jurisdiction. *Nessel ex rel People of Michigan v. Enbridge Energy*, LP, 104 F.4th 958, 965 (6th Cir. 2024). A party seeking to remove a case to federal court "bears the burden of establishing" that removal is proper. *Her Majesty the Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

A removing defendant also must comply with the procedural requirements found in 28 U.S.C. § 1446. One of those requirements is that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt" of the "initial pleading" in that action, "or within 30 days after the service of summons upon the defendant[,] . . . whichever period is shorter." *Enbridge Energy, LP v. Nessel on behalf of Michigan*, 608 U.S. ——, 146 S. Ct. 1074, 1079 (2026) (quoting 28 U.S.C. § 1446(b)).

Stockman appears to acknowledge that his notice of removal is untimely but attempts to argue that removal is proper because he was

never served in the underlying state court case. ECF No. 1. This argument is unavailing.

Michigan courts are clear: "a party who enters a general appearance and contests a cause of action on the merits submits to the court's jurisdiction and waives service of process objections." *Penny v. ABA Pharmaceutical Co.*, 511 N.W.2d 896, 897 (Mich. Ct. App. 1993), *overruled in part on other grounds Al–Shimmari v. Detroit Medical Ctr*, 731 N.W.2d 29, 35–36 (Mich. 2007); *Bauchan v. Cheatham & Acker, P.C.*, 2000 WL 33415950, at *5 (Mich. Ct. App. July 21, 2000); *Hartford Equities, Inc. v. Cnty. of Clinton*, 2013 WL 6182665, at *2 n.3 (Mich. Ct. App. Nov. 26, 2013) (noting "an action on the part of a defendant that recognizes the pending proceedings, with the exception of objecting to the court's jurisdiction, will constitute a general appearance"); *Woods v. CitiMortgage, Inc.*, 2016 WL 1040158, at *3 (Mich. Ct. App. Mar. 15, 2016). And the Sixth Circuit similarly instructs that, when a defendant has actual notice of a suit, rules governing service of process should be liberally construed. *Allstate Ins. Co. v. Utica Physical Therapy Inc.*, 2018 WL 3036305, at *3 (E.D. Mich. June 19, 2018) (citing *Rovinski v. Rowe*, 131 F.2d 687, 689 (6th Cir. 1942)).

Here, although Stockman's notice of removal violates 28 U.S.C. § 1446(a) in that is does not contain any documents from the state court record, the printout of the docket sheet he attached as an exhibit indicates he filed, among other things, multiple motions to dismiss, strike, for default, for counterclaims, and for discovery in the underlying action. ECF No. 1-1, PageID.16–39. Thus, the Court finds that Stockman appeared in the underlying action by "contest[ing] [the] cause of action on the merits" and, thus "submit[ed] to the court's jurisdiction and waive[d]" any objections to service of process. *Penny*, 511 N.W.2d at 897.

Because he has waived his service of process objections, the Court finds the 30-day deadline required under 28 U.S.C. § 1446 has long since passed given that the underlying case was filed on September 25, 2024. Similarly, removal of this action based on diversity is barred under 28 U.S.C. § 1446(c)(1) because it was removed more than one year after the commencement of the state court action.

Accordingly, the Court **GRANTS** NeoGenomics' motion (ECF No. 6) and **ORDERS** that this case be **REMANDED** to the Saginaw County 10th Circuit Court. To the extent not otherwise disposed of, any scheduled hearings are **CANCELLED,** and all pending motions are **DENIED AS**

**MOOT**. The Clerk of Court is **DIRECTED** to close the case on the docket of this Court. The Court will not accept any further filings into this case number.

Finally, the Court addresses Stockman's conduct in federal court. On June 17, 2026, the Honorable Gershwin A. Drain enjoined Stockman from initiating any new actions in this Court, including notices of removal, without first seeking and obtaining leave of Court. Stockman has made numerous attempts to improperly remove state actions to federal court. Multiple judges on this bench have explained to him the reasons why his removal attempts are improper to no avail. The Court thus **WARNS** Stockman that continued contempt for and violations of Court rules, orders, and etiquette may result in additional filing restrictions.

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: August 7, 2026